UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN CHAVEZ-CUEVAS,<br><br>Defendant. | Case No. 1:00-CR-033-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
|---|---|

## INTRODUCTION

Pending before the Court is Defendant's Petition for Writ of Error *Audita Querela* Title 28 U.S.C. § 1651 (Dkt. 139). Having reviewed the Petition and the underlying record, the Court enters the following Order denying the Petition.

## BACKGROUND

Defendant was convicted by a jury of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. (Verdict Dkt. 67.) A Presentence Report was prepared to which Defendant lodged objections to the drug quantity, role in the offense enhancement, criminal history category, and denial of an adjustment for acceptance of responsibility. (Objections Dkt. 68.) The Court overruled the objections and imposed a sentence of 360 months to be followed by five

**Memorandum Decision and Order - 1**

years of supervised release. (Minutes Dkt. 70.) Judgment was entered on June 24, 2002. (Judgment Dkt. 71.)

Defendant timely appealed. However, due to apparent difficulties in obtaining transcripts, the opening brief was not filed until March 3, 2005. By that time, the Supreme Court had issued its decision in *United States v. Booker*, 543 U.S. 220 (2005). *Booker* effectively rendered the formerly mandatory United States Sentencing Guidelines advisory thus permitting the sentencing court to consider facts beyond those found by a jury or admitted by a defendant without violating the Sixth Amendment.

The appellate proceedings were stayed pending disposition of *United States v. Ameline* in which the Ninth Circuit was considering the effect of *Booker* on pending appeals in which *Booker* errors had not been preserved. (USCA Order Dkt. 85.) On December 15, 2005, the Ninth Circuit affirmed the judgment of the Court but remanded for possible resentencing under the procedures set forth in *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005). (USCA Judgment Dkt. 89.)

The Court followed the directives of *Ameline* soliciting comments of counsel on the issue of whether resentencing was warranted in light of *Booker*. (Order Dkt. 90.) After reviewing the parties' submissions, the Court determined that it would not have imposed a materially different sentence had the guidelines been advisory. (Order Dkt. 122.) Defendant appealed, and the Ninth Circuit affirmed the Court's decision. (USCA Mem. Dkt. 137.) A review of the Ninth Circuit docket (Case No. 06-30383) indicates

that Defendant filed a petition for a writ of certiorari which was denied by the Supreme Court on December 8, 2008. Defendant filed the pending Petition on July 6, 2010.

## DISCUSSION

Defendant essentially claims that the post-sentencing decision in *Booker* rendered his sentence invalid. The main thrust of his Petition is that his sentence and conviction are unconstitutional because the Court found the facts supporting the drug quantity and enhancements by a preponderance of evidence when they should have been found by a jury beyond a reasonable doubt. The challenge to his sentence is one typically considered in proceedings pursuant to 28 U.S.C. § 2255.

**1.    Writ of *Audita Querela***

"*Audita querela*, literally 'the complaint having been heard,' is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued." *Carrington v. United States*, 503 F.3d 888, 890 n.2 (9th Cir. 2007). Stated another way, it was a writ used to grant relief to a judgment debtor against a judgment where a defense or discharge arose after the judgment. *United States v. Hovsepian*, 307 F.3d 922, 928 (9th Cir. 2002). However, it "is not a wand which may be waved over an otherwise valid criminal conviction. . . ." *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992).

The 1946 amendments to Federal Rule of Civil Procedure 60(b) abolished the writ of *audita querela* along with other common law writs. *Hovsepian*, 307 F.3d at 928.

However, the abolition applies to civil cases only. *Id*. It is available in criminal cases, but only to a limited extent. *Id*.

A petition for a writ of *audita querela* is not available if the challenge, such as a *Booker* challenge, is cognizable in a § 2255 proceeding. *United States v. Gamboa*, 608 F.3d 492 (9th Cir. 2010) (affirming denial of petition for writ of *audita querela* alleging *Booker* claim). *See also Carrington*, 503 F.3d at 889 (same regarding *Booker* claim). Nor is it available even if a prisoner is prevented from pursuing § 2255 relief by the limitations contained in the statute. *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001). "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs. *Id*. (citation omitted).

Since *Gamboa* and *Carrington* specifically denied *Booker* claims brought in the context of writ of *audita querela* petitions, Defendant is only entitled to relief if it is available under § 2255 to him.

**2.      28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration, including, as relevant here, "that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

Motions filed pursuant to 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." In a case such as this one where a prisoner appeals his conviction, "that finality occurs when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)).

Here, Defendant's petition for a writ of certiorari was denied by the Supreme Court on December 8, 2008. Therefore, he had until December 8, 2009 in which to file a § 2255 motion which he failed to do. Accordingly, the Court cannot construe his Petition as a § 2255 motion. *See Valdez-Pacheco*, 237 F.3d at 1079 (limitation on filing a § 2255 motion cannot be avoided by filing a petition for a writ of *audita querela*). However, even if the petition had been filed within the limitations period, Defendant's claim for a reduced sentence would fail.

The Ninth Circuit has held that *Booker* is not retroactive to cases on collateral review where the conviction was final prior to the issuance of the *Booker* decision. *See United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005) (per curiam). By fortuitous circumstances, however, Defendant's first appeal had not become final before the *Booker* decision. Therefore, his case was remanded for consideration of resentencing. Although

**Memorandum Decision and Order - 5**

the Court ultimately concluded a different sentence was not warranted, it made that determination based on the *Booker* decision.

## CONCLUSION

Defendant's petition fails whether viewed as a petition for a writ of *audita querela* or a § 2255 motion. In apparent recognition that a § 2255 motion would be untimely, he sought relief under the All Writs Act. As with the prisoner in *Carrington*, Defendant is "not entitled to relief on collateral review, however it is labeled." *Carrington*, 503 F.3d at 890. Defendant may not defeat the one-year statute of limitations under § 2255 by changing the number on his motion or petition from 2255 to 1651. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) (noting it would be "senseless" to suppose that Congress would allow a prisoner to go through a "closed door" by changing the number on his motion).

## ORDER

**IT IS ORDERED** that Petition for Writ of Error Audita Querela Title 28 U.S.C. § 1651 (Dkt. 139) is **DENIED**.

DATED: **September 14, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge