UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Respondent<br><br>v.<br><br>MARTIN CHAVEZ-CUEVAS,<br><br>                Defendant-Movant. | Case No. 1:13-cv-00347-BLW<br>          1:00-cr-00033-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Martin Chavez-Cuevas' ("Chavez-Cuevas") "Motion to Vacate or Amend Judgment by Fraud Upon the Court, Pursuant to Fed. Rules Civ. Proc. Rule 60(B) 28 U.S.C.A" (Crim. Dkt. 150) construed as a Motion to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1). Having reviewed the Motion and the underlying record, the Court enters the following Order denying the Motion.

## BACKGROUND

As more fully stated in the Court's Order of September 14, 2010 (Crim. Dkt. 140), Chavez-Cuevas was convicted by a jury of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. *Verdict*,

**MEMORANDUM DECISION AND ORDER - 1**

Crim. Dkt. 67. The Court imposed a sentence of 360 months to be followed by five years of supervised release. *Minutes*, Crim. Dkt. 70. Judgment was entered on June 24, 2002. *Judgment*, Crim. Dkt. 71.

Chavez-Cuevas timely appealed. However, due to apparent difficulties in obtaining transcripts, the opening brief was not filed until March 3, 2005. By that time, the Supreme Court had issued its decision in *United States v. Booker*, 543 U.S. 220 (2005). *Booker* effectively rendered the formerly mandatory United States Sentencing Guidelines advisory thus permitting the sentencing court to consider facts beyond those found by a jury or admitted by a defendant without violating the Sixth Amendment.

The appellate proceedings were stayed pending disposition of *United States v. Ameline* in which the Ninth Circuit was considering the effect of *Booker* on pending appeals in which *Booker* errors had not been preserved. *USCA Order*, Crim. Dkt. 85. On December 15, 2005, the Ninth Circuit affirmed the judgment of the Court but remanded for possible resentencing under the procedures set forth in *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005). *USCA Judgment*, Crim. Dkt. 89.

Following the directives of *Ameline*, the Court ultimately determined that it would not have imposed a materially different sentence had the guidelines been advisory. *Order*, Crim. Dkt. 122. On September 15, 2008, the Ninth Circuit affirmed the Court's decision. *USCA Mem.*, Crim. Dkt. 137. On July 6, 2010, Chavez-Cuevas filed a Petition for Writ of Error Audita Querela (Crim. Dkt. 139) claiming that *Booker* rendered his sentence invalid because the Court found the facts supporting the drug quantity and

**MEMORANDUM DECISION AND ORDER - 2**

enhancements by a preponderance of evidence when they should have been found by a jury beyond a reasonable doubt. The Court denied the Motion on the alternative grounds (1) that a Writ of Error Audita Querela is not available for a *Booker* claim given that such a claim is cognizable in a § 2255 proceeding, and (2) that a § 2255 motion would be untimely and that in any event he already had pursued and lost a *Booker* challenge. *Mem. Dec. and Order*, Crim. Dkt. 140.

On August 5, 2011, the Ninth Circuit affirmed this Court's decision dismissing Chavez-Cuevas's Writ, and on April 6, 2012, it denied his petition for rehearing en banc. *USCA Mem.*, Crim. Dkt. 144; *USCA Order*, Crim. Dkt. 146. Chavez-Cuevas's subsequent petition for a writ of certiorari was denied by the Supreme Court on June 18, 2012. On August 8, 2013, Chavez-Cuevas filed the pending Rule 60(b) motion seeking relief in light of the Supreme Court's June 17, 2013 decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that any fact that increases the mandatory minimum sentence is an element of the offense that must be submitted to a jury. As shown below, the Rule 60(b) motion must be construed as a motion.

## STANDARD OF LAW

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such

**MEMORANDUM DECISION AND ORDER - 3**

sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

## DISCUSSION

Chavez-Cuevas brings the pending Motion requesting the Court "to invoke its inherent power to vacate or amend judgment obtained by fraud of the Court; that defiles the Court." *Mot.* at 1. His Motion fails as a Rule 60(b) motion because it is challenging his sentence; and, even if timely, it fails as a § 2255 motion because *Alleyne* is factually inapplicable.

1. **Federal Rule of Civil Procedure 60(b)**

Moving under Rule 60(b), Chavez-Cuevas cites *Thompson v. Calderon*, 151 F.3d 918, 920 & n.3 (9th Cir. 1998) (en banc), which recognized that not all Rule 60(b) motions must be treated as second or successive habeas petitions. *Thompson* specifically noted that "in most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition . . . , the Rule 60(b) motion should be treated as a

**MEMORANDUM DECISION AND ORDER - 4**

successive habeas petition." *Id*. However, it recognized that a Rule 60(b) motion might be appropriate in certain factual situations, such as where government misconduct prevented a defendant from testing "potentially exculpatory evidence" to support a factual predicate for a successive petition. *Id*. n.3.

Chavez-Cuevas also relies on *Gonzalez v. Crosby*, 545 U.S. 524 (2005), which he claims recognized that Rule 60 applies to habeas cases. However, the Court clearly limited its applicability to particular situations. Most relevant here, the Court stated that a motion alleging that a "subsequent change in substantive law is a 'reason justifying relief,' from prior denial of a claim "is in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531. In other words, it must be treated as a § 2255 motion.

In his pending motion, Chavez-Cuevas is challenging the method of imposition of his sentence based on a subsequently decided Supreme Court case. He is not challenging the propriety of the prior proceeding itself. Thus, the Court construes his Rule 60(b) motion as a § 2255 motion.

2.     **The § 2255 Motion is Untimely**

A § 2255 motion must be filed within one year from, as relevant here, the latest of either "the date upon which the judgment of conviction becomes final," or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §§ 2255(f)(1) and (3).

**MEMORANDUM DECISION AND ORDER - 5**

As the Court previously ruled, Chavez-Cuevas' judgment became final on December 8, 2008, and he had until December 8, 2009 in which to file a § 2255 motion challenging his sentence. His pending motion was not filed until almost four years after the deadline and is thus untimely.

Chavez-Cuevas's motion may be timely if he is claiming that the *Alleyne* decision triggered the running of a new limitations period and the Court were to find that *Alleyne* not only recognized a new rule of constitutional law but was made retroactive to cases on collateral review. However, the Court will not engage in the retroactivity analysis because Chavez-Cuevas's motion would fail even if *Alleyne* met both conditions.

3. *Alleyne* **Is Factually Distinguishable**

As stated above, *Alleyne* held that any fact that increases the mandatory minimum sentence is an element of the offense that must be submitted to a jury. *Alleyne,* 133 S.Ct. at 2155. That was done here. The jury, not the Court, found that Chavez-Cuevas distributed or intended to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. *Verdict Form*, Crim. Dkt. 67. That amount established a mandatory minimum of ten years and statutory maximum of life pursuant to 21 U.S.C. § 841(b)(1)(A)(viii). Accordingly, the Court finds that the rule of *Alleyne* was not violated. The Court did increase the sentence beyond the mandatory minimum by making findings at sentencing regarding the drug quantity over the 500 grams or more threshold. However, *Alleyne* does not preclude judicial factfinding within

the statutory range. *Alleyne*, 133 S.Ct. at 2163. Viewing the allegations in the motion against the record, the Court finds that the motion is subject to summary dismissal.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's rulings on Chavez-Cuevas's motion to be debatable or wrong.

## ORDER

**IT IS ORDERED:**

1. Martin Chavez-Cuevas's "Motion to Vacate or Amend Judgment by Fraud Upon the Court, Pursuant to Fed. Rules Civ. Proc. Rule 60(B) 28 U.S.C.A." (Crim. Dkt. 150) construed as a Motion to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) is **DISMISSED**.

2. No certificate of appealability shall issue. Chavez-Cuevas is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

3. If Chavez-Cuevas files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: March 25, 2014

B. Lynn Winmill
Chief Judge
United States District Court