UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN CHAVEZ-CUEVAS,<br><br>Defendant. | Case No. 1:00-cr-00033-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Martin Chavez-Cuevas's Motion for Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A). Dkt. 153. The Government supports the motion. Dkt. 155. For the reasons that follow, the Court will grant the motion.

# BACKGROUND

From approximately 1995 to 2000, Chavez was the leader of a drug trafficking organization that distributed methamphetamine throughout Idaho. On March 18, 2002, he was convicted by a jury of conspiracy to distribute and possess with the intent to distribute greater than 500 grams of methamphetamine. The Court sentenced him to 360 months incarceration, which was at the bottom of the

guidelines range.[1]

At sentencing the Court determined Chavez's criminal history category to be III. The Presentence Investigation Report (PSR) listed Chavez's previous convictions for a DUI in 1991 and possession of a controlled substance in 1999. Relevant here, the PSR did not assign any criminal history points to the 1999 conviction because it was considered relevant conduct, but the PSR did add two criminal history points for Chavez being under the 1999 judgment of conviction during the instant offense. The PSR added another criminal history point because Chavez committed the instant offense less than two years after being released from custody on the 1999 conviction. Thus, Chavez had four criminal history points, resulting in a criminal history category III.

The PSR incorrectly assigned the three points related to the 1999 conviction. As the defendant correctly argued at resentencing, application notes 4 and 5 to USSG § 4A1.1 specified that such points should not be added if the conviction was not countable under USSG § 4A1.2. Because the possession conviction was deemed relevant conduct to the instant offense it was not countable. Nevertheless, the additional points were included in the calculation of Chavez's criminal history

---

[1] At the time of Chavez's first sentencing the Sentencing Guidelines were mandatory. Chavez appealed his sentence and the 9th Circuit affirmed. But the 9th Circuit remanded for the district court to consider whether Chavez should be resentenced since the guidelines had become advisory. The sentencing judge declined to resentence Chavez.

**MEMORANDUM DECISION AND ORDER - 2**

category. As a result, he was sentenced under criminal history category III, rather than category I.

At resentencing, the Government did not dispute that the PSR incorrectly assigned Chavez four total criminal history points, nor that Chavez should have been sentenced under criminal history category I, rather than category III. Instead, the Government argued that the guideline range would still be 360 months to life even with the lower criminal history category. Dkt. 120. The Court adopted the government's reasoning and denied the defendant's request for resentencing. [2] Dkt. 122. The Court did not rule on the defendant's objection to the criminal history calculation.

In 2014, the United States Sentencing Commission issued Amendment 782, which reduced the offense levels assigned to the drug quantities that trigger the statutory mandatory minimum penalties. The effect of this amendment was to lower most base offense levels for drug offenses by two levels. In response to Amendment 782, this Court established a "review committee," to recommend cases that may be eligible for a sentence reduction under Amendment 782.

Chavez's case was not among those reviewed because, with an offense level

---

[2] When Chavez was resentenced, the Court determined this was essentially harmless error because, at the time, his guideline range would have remained unchanged irrespective of a lower criminal history category.

**MEMORANDUM DECISION AND ORDER - 3**

42 and a criminal history category III, a 2-level reduction in his base offense level would not have changed his guideline of 360 months to life. However, if the Court had corrected the error in his criminal history category Chavez would have been eligible for a reduction under Amendment 782 – reducing his guideline from 360 months to life to 292 months to 365 months.

Chavez has been imprisoned for 241 months and has performed admirably while incarcerated. When sentenced in 2002, Chavez had a ninth-grade education. While in custody, Chavez has completed over 4000 class hours and obtained his GED. Additionally, he has received commendations for his work performance. Chavez disciplinary record is also impressive, having maintained a clean record for over 15 years. Upon release, Chavez will be discharged to an ICE detainer and deported to Mexico, where he would live with his brothers.

## LEGAL STANDARD

Chavez seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id.* If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The defendant bears the

burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Chavez submitted a request for compassionate release to the warden of Big Springs CI in January 2021, which the warden denied. Therefore, Chavez meets the exhaustion requirement of § 3582(c)(1)(A) and his motion is ripe for consideration.

The Court finds, and the Government agrees, that the § 3553(a) factors support release and that Chavez has shown extraordinary and compelling circumstances warranting release.

Chavez should have been sentenced under criminal history category I, not criminal history category III. But for the original mistake in his criminal history category, Chavez likely would have received a sentence reduction under § 3582(c)(2) and be close to completing his sentence.

Chavez has served approximately 20 years of his sentence. While his crime was serious, he has performed exceptionally well in custody and demonstrated that he will not be a danger to society if released. Further need for a sentence longer than the 241 months he has served—to reflect the seriousness of the crime,

promote respect for the law, and provide just punishment—does not exist.

Accordingly, the Court will grant Chavez's motion for compassionate release and order that he be released to his ICE detainer.

## ORDER

**IT IS ORDERED** that:

1. Martin Chavez-Cuevas's Motion to Reduce Sentence (Dkt. 153) is **GRANTED**.

2. Martin Chavez-Cuevas's sentence is reduced to a sentence of time served pursuant to 18 U.S.C. § 3582(c)(1)(A).

3. The Bureau of Prisons shall release Martin Chavez-Cuevas as soon as possible. Upon release from BOP custody he shall enter the custody of Immigration and Customs Enforcement pursuant to his underlying detainer.

DATED: May 27, 2021

B. Lynn Winmill
U.S. District Court Judge